UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
----------------------------------------------x
                                              :
PAUL FINE, JR.                                :          3:18 CV 530 (JAM)
Plaintiff                                     :
                                              :
v.                                            :
                                              :
UCONN MEDICAL, et al.,                        :          DATE: JUNE 23, 2020
Defendant                                     :
----------------------------------------------x
```

<u>RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. NO. 164)</u>

On May 8, 2020, the Court issued a Recommended Ruling granting the defendants' Motion to Enforce Settlement Agreement (Doc. No. 161 ["Recommended Ruling"]; *see* Doc. No. 154). On May 28, 2020, the plaintiff, through his appointed *pro bono* counsel, filed the "Plaintiff's Reaffirming Opposition and Response to Defendants' Motion to Enforce Settlement Agreement and Alternative Relief," (Doc. No. 163), and the next day, on May 29, 2020, the plaintiff, again through his *pro bono* counsel, filed a "Motion for Limited Modification of the Court's Recommended Ruling on the Defendants' Motion to Enforce the Settlement Agreement," (Doc. No. 164), which the Court construes as a motion for reconsideration of the Recommended Ruling.[1] On June 15, 2020, the defendants filed their objection to the plaintiff's Motion for Reconsideration. (Doc. No. 167; *see* Doc. No. 165).

For the reasons set forth below, the Court adheres to the Recommended Ruling and DENIES the plaintiff's request for modification. (Doc. No. 164).

---

[1] On May 14, 2020, despite this Court's order directing all filings to be made by the plaintiff's counsel, not the plaintiff himself, the plaintiff filed a Motion for Order. (Doc. No. 162). The plaintiff's Motion for Order (Doc. No. 162) is denied as moot in light of the filing of his counsel, which is addressed in this Ruling.

1

I.    STANDARD FOR RECONSIDERATION

A party seeking reconsideration of a decision must set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. L. R. 7(c). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations and internal quotations omitted). The "'standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

II.    DISCUSSION

As an initial matter, while an objection to a recommended ruling shall be filed within fourteen days, Fed. R. Civ. P. 72(b)(2), a motion for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which relief is sought[.]" D. Conn. L. R. 7(c)1. The Court filed the Recommended Ruling granting the defendants' Motion to Enforce Settlement Agreement on May 8, 2020 (Doc. No. 161), and the plaintiff did not file the motion for reconsideration until May 29, 2020, twenty-one days later. (Doc. No. 164). On its face, the plaintiff's motion is untimely. (*See* Doc. No. 167 at 1-2). The Court, however, accepts the plaintiff's counsel's request to consider this late submission "because COVID-19 has impacted

[counsel's] ability to communicate with Mr. Fine" in a "timely" fashion.  (Doc. No. 164 at 2).
Accordingly, the Court will address the plaintiff's substantive arguments.

The plaintiff seeks a "modification" of the Court's Recommended Ruling granting the
defendants' Motion to Enforce the Settlement Agreement.  (Doc. No. 164 at 1).  Specifically, the
plaintiff states that he "agrees with the Court's Recommending Ruling[,]" but requests that the
Court modify the Recommended Ruling to "increase the monetary award of $2,000.00 to
$7,500.00[]" because the "initial monetary amount" agreed to in the settlement "does not include
the value of the plaintiff's property, which was taken by the Department of Correction from the
plaintiff" when he was transferred from Cheshire Correctional Institution to MacDougall-Walker
Correctional Institution in February 2020.  (*Id.* at 1; *see* Doc. No. 167 at 2).  This argument is the
same argument made in opposition to the defendants' Motion to Enforce the Settlement which the
Court rejected in its Recommended Ruling.  (*See* Doc. No. 159 at 2-3 (asserting that the plaintiff
was transferred without notice and, upon arrival at the new facility, discovered that property,
valued at $7,500, was missing); *see* Doc. No. 161 at 8 (holding that the allegations regarding his
transfer do not involve the defendants to this action, nor do they "undermine the terms of the
settlement agreement or suggest that these terms, which were reached after a lengthy in-person
settlement conference with the Court, were negotiated in bad faith or under fraudulent pretenses")).

As stated in the Recommended Ruling, under the terms of the settlement,

the defendants agreed to pay the plaintiff $2,000, with no monies subtracted for
costs of incarceration, to provide him with a consultation with a doctor for the
possible removal of a cyst, to change a previously imposed discipline and allow
him to have contact visits by approved individuals, to provide him with a bottom
bunk accommodation and to give him a mental health evaluation.

(Doc. No. 161 at 6).  After the parties reached this agreement, however, "it [was] clear that the
plaintiff changed his mind about the settlement."  (*Id.* at 7).  In the Recommended Ruling, the

Court rejected the plaintiff's contention that the defendants breached the settlement agreement by transferring him to a different prison and, in doing so, confiscating his papers, medical records, and artwork, all of which the plaintiff valued at $7,500.  (Doc. No. 161 at 8).  Once again, in this pending motion, the plaintiff argues that the defendants "will be required to compensate" him for his missing property, and therefore, the monetary award should be increased from $2,000.00 to $7,500.00. (Doc. No. 164 at 1).

The plaintiff's motion to modify the Court's Recommended Ruling is, in fact, another attempt to renegotiate the terms of the settlement by pursuing this new claim regarding a loss of property during this recent prison transfer.  As the defendants aptly argue, the plaintiff's motion to modify the Recommended Ruling "is based on events unrelated to the claims alleged against the [d]efendants" in this case, and there is "no evidence that any of the [d]efendants" named in this case participated in the plaintiff's February 2020 transfer.  (Doc. No. 167 at 2).  Rather, the plaintiff asserts that the "employees of the Department of Correction" transferred him to another facility, and, when he arrived at the new facility, "he discovered that his personal papers, medical records, and artwork were missing."  (Doc. No. 163 at 2).  To the extent that the plaintiff seeks reimbursement for property allegedly lost during this transfer, he may pursue that remedy from the Department of Correction.  As the Court made clear in the Recommended Ruling, he may not seek additional payment by renegotiating the terms of the settlement reached in this case.

The plaintiff has not identified a change in controlling law, he has not put forth new evidence, he has not identified clear error in the Recommended Ruling, nor has he identified a need to alter the ruling to "prevent manifest injustice."  *Virgin Atl. Airways*, 956 F.2d at 1255. Rather, the plaintiff's motion is yet another attempt to renegotiate the terms of the settlement reached in this case.  The plaintiff has not satisfied the "strict" standard for granting a motion for

4

reconsideration. *Shrader*, 70 F.3d at 257.  Accordingly, the Court adheres to the Recommended Ruling and, construing the plaintiff's Motion for Limited Modification of the Court's Recommended Ruling on the Defendants' Motion to Enforce Settlement Agreement as a Motion for Reconsideration, denies the plaintiff's motion for modification. (Doc. No. 164)

III.    <u>CONCLUSION</u>

The plaintiff's Motion for Limited Modification of the Court's Recommended Ruling on the Defendants' Motion to Enforce Settlement Agreement (Doc. No. 164), construed as a Motion for Reconsideration, is DENIED.

This is a recommended ruling. *See* FED. R. CIV. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order. *See* FED. R. CIV. P. 72(b)(2). Failure to object within fourteen (14) days will preclude appellate review. *See* 28 U.S.C. §636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; D. CONN. L. CIV. R. 72.2; *Impala v. United States Dept. of Justice*, 670 F. App'x 32 (2d Cir. 2016)(summary order)(failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); *Small v. Secretary of H.H.S.*, 892 F.2d 15 (2d Cir. 1989)(per curiam).

Dated this 23rd day of June, 2020 at New Haven, Connecticut.

<u>/s/Robert M. Spector, USMJ</u>
Robert M. Spector
United States Magistrate Judge